IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELLE MACMANIMAN,                          6:14-CV-01695-BR

           Plaintiff,                         OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

           Defendant.


**TIM WILBORN**
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

          Attorney for Plaintiff

**Billy J. Williams**
Acting United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1011

**SARAH L. MARTIN**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-3705

          Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

Plaintiff Michelle Macmaniman seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g), for the immediate calculation and payment of benefits to Plaintiff.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her application on January 6, 2011, and alleged a disability onset date of January 15, 2003. Tr. 132, 183.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on December 10, 2012. Tr. 38-70. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on March 1, 2013, in which she found Plaintiff is not disabled. Tr. 20-33. That decision

-------

[1] Citations to the official transcript of record filed by the Commissioner on February 27, 2015, are referred to as "Tr."

2 - OPINION AND ORDER

became the final decision of the Commissioner on August 25, 2014,

when the Appeals Council denied Plaintiff's request for review.
Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On October 25, 2014, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born in October 1962 and was 49 years old on
her protective filing date.  She completed the twelfth grade
and had additional training as a Certified Nurses' Assistant.
Tr. 43.  Plaintiff does not have any past relevant work
experience.  Tr. 44.

Plaintiff alleges disability due to "bipolar, depression,
back pain, arthritis, dyslexia, disgrafia, fibromyalgia,
obesity."  Tr. 143.


## STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th
Cir. 2012).  To meet this burden, a claimant must demonstrate her
inability "to engage in any substantial gainful activity by
reason of any medically determinable physical or mental
impairment which . . . has lasted or can be expected to last for

a continuous period of not less than 12 months."  42 U.S.C.

§ 423(d)(1)(A).  The ALJ must develop the record when there is

ambiguous evidence or when the record is inadequate to allow for

proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d

881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d

453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.  42

U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

"relevant evidence that a reasonable mind might accept as

adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690

(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]

but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d

at 690).

The ALJ is responsible for determining credibility,

resolving conflicts in the medical evidence, and resolving

ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.

2009).  The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision.  *Ryan v.

Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even

when the evidence is susceptible to more than one rational

interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed

Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

6 - OPINION AND ORDER

The Commissioner may satisfy this burden through the testimony of
a VE or by reference to the Medical-Vocational Guidelines set
forth in the regulations at 20 C.F.R. part 404, subpart P,
appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged
in substantial gainful activity (SGA) since her January 6, 2011,
filing date.  Tr. 22.

At Step Two the ALJ found Plaintiff had severe impairments
including bipolar disorder; fibromyalgia; history of carpal-
tunnel syndrome, right greater than left, status post bilateral
releases; lumbar degenerative disc disease; obstructive sleep
apnea; degenerative joint disease of the right shoulder;
gastroesophageal reflux disease (GERD); migraines; diabetes
mellitus; history of hiatal hernia status post repair;
obstructive airway disease; obesity; and right ulnar neuropathy
and left mild ulnar neuropathy.  *Id.*

At Step Three the ALJ found Plaintiff's impairments do not
meet or equal any listed impairment.  Tr. 24.  The ALJ found
Plaintiff has the RFC for less than a full range of light work
and can lift or carry ten pounds frequently and twenty pounds
occasionally, is able to sit for six hours during a normal eight-

7 - OPINION AND ORDER

hour workday, and is able to stand or walk for about two hours during a normal eight-hour workday. She can never climb ladders, ropes, or scaffolds and can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can occasionally push and pull with bilateral upper and lower extremities. She can never reach overhead with the right upper extremity. She cannot have any exposure to vibrations; to hazards such as unprotected heights and dangerous machinery; or to fumes, dusts, or gases in concentrations greater than those normally found in the ordinary office environment. She can understand, remember, and carry out only simple instructions that can be learned in 30 days or less involving low stress and defined as work with only occasional changes in work setting and occasional work-related decision-making. Plaintiff can have occasional public contact, but she cannot work around large groups of people. Tr. 26.

At Step Four the ALJ found Plaintiff did not have any past relevant work. Tr. 32.

At Step Five the ALJ found Plaintiff is able to perform the occupations of box-filler, tray-setter, and garment-sorter. Tr. 33.


**DISCUSSION**

Plaintiff contends the ALJ erred by (1) improperly rejecting

8 - OPINION AND ORDER

medical opinion testimony; (2) improperly finding Plaintiff's testimony not fully credible; and (3) improperly rejecting lay-witness testimony.  Plaintiff also contends the Commissioner erred by improperly adopting the Appeals Council's rejection of post-hearing medical opinions submitted by Plaintiff.  Because the Court concludes below that the ALJ erred when she improperly evaluated the medical evidence without providing legally sufficient reasons supported by substantial evidence in the record for doing so, the Court need not address Plaintiff's other assertions.

## I.   The Relevant Medical Evidence

Oded Z. Shulsinger, M.D., was Plaintiff's treating physician from at least January 2009 through April 2011.  Tr. 283-302. Dr. Shulsinger noted chronic low back pain, and referred Plaintiff to a pain specialist.  Tr. 302.

On January 29, 2009, Plaintiff began mental-health treatment with Psychiatric Mental Health Nurse Practitioner Joanne Rutland. Tr. 329.  Nurse Rutland diagnosed Bipolar II Disorder, Panic Disorder without Agoraphobia, Learning Disorder, NOS, and rule out Adult ADHD.  *Id.*  Plaintiff saw Nurse Rutland at least 18 times, roughly monthly through September 2012.  Tr. 312-30; 354-83.

In July 2009 Dr. Shulsinger noted Plaintiff's back pain was not responding to her current medications.  Tr. 298.  On April

9 - OPINION AND ORDER

27, 2010, Dr. Shulsinger noted morphine was not longer effective for Plaintiff's back pain, and he referred Plaintiff for another pain consultation.  Tr 295.  On August 24, 2010, Dr. Shulsinger diagnosed diabetes, and in January 2011 found Plaintiff's diabetes poorly controlled.  Tr. 345.  On April 3, 2011, Dr. Shulsinger treated Plaintiff for  migraine headaches.  Tr. 343.

Raymond P. Nolan, M.D., Ph.D., examined Plaintiff on April 3, 2011.  Tr. 339-41.  Dr. Nolan assessed Plaintiff with fibromyalgia; shoulder-impingement syndrome right shoulder, status post-surgery for rotator cuff with diffuse findings; bilateral carpal-tunnel release with residual sensory deficit left fingers and motor deficit bilaterally; obesity; depression; history of degenerative arthritis, shoulders, knees, wrists; diabetes mellitus; gastroesophageal reflux disease with nocturnal microaspiration syndrome; and probable obstructive sleep apnea. Tr. 340.

Dr. Nolan noted people with fibromyalgia do poorly with inactivity and with strenuous repetitive aerobic activities and do better with low-impact, nonrepetitive activities.  *Id.*  He found Plaintiff should minimize squatting and kneeling activity and pushing and pulling involving her upper extremities.  He found she also should minimize bending, twisting, and turning and limit lifting and carrying to 10 pounds frequently and 20 pounds on occasion.  Dr. Nolan found Plaintiff could sit for about six

hours in an eight-hour day with breaks and stand and walk between two and four hours in an eight-hour day.  The ALJ gave Dr. Nolan's opinion "great weight."  Tr. 31.

On June 7, 2011, Plaintiff began treating with Dallas A. Carter, M.D., for chronic low back pain, fibromyalgia, bipolar disorder, diabetes, and migraines.  Tr. 413-14.  Dr. Carter treated Plaintiff through September 2012.

On September 6, 2012, Plaintiff's treating mental-health provider, Nurse Rutland, completed a questionnaire in which she opined Plaintiff would be unable to meet competitive standards in maintaining regular attendance and punctuality within customary, usually strict tolerances; complete a normal work day and work week without interruptions from psychological symptoms; perform at a consistent pace without interruptions from psychological symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods.  Tr. 384-85.  She opined Plaintiff would be seriously limited in her ability to remember work-like procedures, maintain attention for two-hour segments, work in coordination with or in proximity to others without being unduly distracted, and respond appropriately to changes in a routine work setting.  Nurse Rutland concluded Plaintiff would be unable to meet competitive standards in her ability to understand, to remember, and to carry out detailed instructions and would be seriously limited in her ability to set

11 - OPINION AND ORDER

realistic goals, to make plans independent of others, and to deal with the stress of semi-skilled and skilled work.  Nurse Rutland found Plaintiff's physical health, pain, and mobility contributed to depressive symptoms and that Plaintiff's medications, while necessary for stability, slowed Plaintiff's thinking and resulted in sedation.  She thought Plaintiff would likely be absent from the workplace more than four days per month if she attempted to work.  Tr. 385.

The ALJ gave Nurse Rutland's report "little weight" and found it was inconsistent with her treatment notes and Plaintiff's testimony.  Tr. 29.  In addition, the ALJ found Nurse Rutland's assessment of Plaintiff's limitations "at odds with the ability to maintain a household including providing at least some level of care to mentally disabled 23-year-old twin sons, two other children, one of which is on disability as well, and helping to care for her mother."  *Id.*

On September 27, 2012, Dallas A. Carter, M.D., Plaintiff's treating physician, completed a medical source statement in which he states Plaintiff's impairments of lower-back arthritis, chronic pain, and fibromyalgia result in Plaintiff being capable of walking less than one-quarter of a block, sitting for 30 minutes and standing for 15 minutes at a time, standing or walking for less than two hours in an eight-hour day, sitting for at least six hours in an eight-hour day, needing to shift

positions at will, needing to walk every 30 minutes for five
minutes at a time, and needing hourly unscheduled breaks.
Tr. 387.  Dr. Carter opined Plaintiff could occasionally lift
less than ten pounds, should rarely twist or stoop, should never
climb ladders, and could occasionally climb stairs or
crouch/squat.  He also found Plaintiff could use her right arm to
reach overhead for only ten percent of the workday.  Tr. 388.
Dr. Carter opined Plaintiff would likely be off-task for about 25
percent or more of a typical workday.  He stated she was capable
of low-stress work and would likely be absent more than four days
a month.  Tr. 389.

    The ALJ gave Dr. Carter's opinion "little weight" on the
ground that his treatment notes failed to document significant
objective findings that justified the limitations he identified.
Tr. 31.  In addition, the ALJ noted Dr. Carter's opinion was
based on the Plaintiff's subjective complaints and conflicted
with other medical source opinions.  Tr. 32.

    On August 25, 2014, Plaintiff submitted new evidence to the
Appeals Council.  Tr. 464-66.  The first document is a letter
from Dr. Carter in which he states his opinion regarding
Plaintiff's condition is based on the records of Dr. Shulsinger,
Plaintiff's prior treating physician, "as well as [Plaintiff's]
subjective complaints and objective medical evidence.  This
included radiographic evidence."  Tr. 464.  Dr. Carter points out

that "[m]ost of the functional assessment done in a doctor's
office is subjective." *Id.* Dr. Carter states the diagnoses of
low-back arthritis and fibromyalgia "do not carry much objective
neurologic or structural abnormalities that can be seen on a
physical exam, and the range of functionality is highly variable
for any exam finding." *Id.* Dr. Carter concludes a truly
objective functional evaluation could be done by an occupational
therapist with special equipment.

The second document submitted to the Appeals Council post-
hearing is a September 17, 2013, letter from Nurse Rutland.
Tr. 465-66. Nurse Rutland notes her assessments of Plaintiff's
GAF scores between 50 and 70 and explains Plaintiff's depression
is cyclical. Tr. 465. Nurse Rutland states Plaintiff's ability
to be reliable is impaired and that her chronic pain is more
disabling than her intermittent mental-health symptoms.
Nurse Rutland describes the cycle of physical and psychiatric
disorders contributing to and heightening each other and
reasserts Plaintiff does not, in her opinion, have the capacity
to maintain employment on a regular basis. Tr. 466.

As noted, the Appeals Council concluded the post-hearing
evidence did not provide a basis for altering the ALJ's decision.
Tr. 2. Thus, the ALJ's opinion became the Commissioner's
decision on August 25, 2014. Tr. 1.

## II. Legal Standards

Disability opinions are reserved for the Commissioner.  20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1).  If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and to observe the patient as an individual.  *Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir. 2007).  In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician.  *Id.*  If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons.  *Id.* (treating physician); *Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir. 2006)(examining physician).  Even if a physician's opinion is contradicted by another physician, the ALJ may not reject the physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so.  *Orn,* 495 F.3d at 632; *Widmark,* 454 F.3d at 1066.  Thus, the opinion of a nonexamining physician by itself is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician.  *Widmark,* 454 F.3d at 1066 n.2.  The ALJ may reject a physician's opinion that is "brief, conclusory, and

inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). In *Orn v. Astrue* the Ninth Circuit stated:

> When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not "substantial evidence." As we explained in *Murray,* "In this case, . . 0 .the *findings* of the non-treating physician were the same as those of the treating physician. It was his *conclusions* that differed. . . . If the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on sub-stantial evidence in the record." 722 F.2d at 501-01 (emphases in original). By con-trast, when an examining physician provides "independent clinical findings that differ from the findings of the treating physician," such findings are "substantial evidence." [Citations omitted.] Independent clinical findings can be either (1) diagnoses that differ from those offered by another physi-cian and that are supported by substantial evidence, [citation omitted] or (2) findings based on objective medical tests that the treating physician has not herself considered.

495 F.3d 625, 632 (9th Cir. 2007).

Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 416.902. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 416.902. Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners such as Nurse Rutland, therapists, and licensed clinical social workers. SSR 06-03p, at *2. Factors the ALJ

16 - OPINION AND ORDER

should consider when determining the weight to give an opinion from a "not acceptable" medical source include the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant, the consistency of the source's opinion with other evidence in the record, and the quality of the source's explanation of her opinion.  SSR 06-03p, at *4.  The ALJ must explain the weight assigned to such sources to the extent that a claimant or subsequent reviewer may follow the ALJ's reasoning.  SSR 06-03p, at *6.

**III.  Analysis**

Here the ALJ gave great weight to the opinion of Dr. Nolan, an examining physician, and also relied on the opinions of the agency's nonexamining physicians Leslie E. Arnold, M.D., and Sharon B. Eder, M.D.  Dr. Nolan did not offer a different diagnosis of Plaintiff's condition nor base his assessment on objective medical tests that were not considered by Dr. Carter. Moreover, as noted, the opinion of Nurse Rutland, Plaintiff's treating mental-health provider, supports Dr. Carter's conclusions.

Accordingly, on this record the ALJ did not provide legally sufficient reasons supported by clear and convincing reasons and substantial evidence in the record for rejecting the opinion of Dr. Carter, Plaintiff's treating physician.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally
> sufficient reasons for rejecting . . .
> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

The Court has determined the ALJ erred when she rejected the

18 - OPINION AND ORDER

opinions of Dr. Carter and Nurse Rutland.  After the Court

credits these opinions, they establish Plaintiff is disabled.

Thus, the Court concludes Plaintiff is disabled based on this

medical record and no useful purpose would be served by a remand

of this matter for further proceedings.  *See Harman,* 211 F.3d at

117.


## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the

Commissioner and **REMANDS** this matter to the Commissioner pursuant

to Sentence Four, 42 U.S.C. § 405(g), for the immediate

calculation and payment of benefits to Plaintiff.

IT IS SO ORDERED.

DATED this 18th day of November, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge