IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHELLE MACMANIMAN**,                6:14-cv-01695-BR

    **Plaintiff,**                       ORDER

V.

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

    **Defendant.**

    **BROWN**, Judge.

This matter comes before the Court on Plaintiff Michelle Macmaniman's Motion (#21) for award of fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d)(1)(A). Plaintiff seeks an award of attorneys' fees in the amount of **$7,267.58.** Because the position of the Commissioner was not substantially justified, the Court **GRANTS** Plaintiff's Application (#21). See 28 U.S.C. § 2412(d)(1)(A).

BACKGROUND

Plaintiff alleged disability since January 15, 2003, due to "bipolar, depression, back pain, arthritis, dyslexia, disgrafia, fibromyalgia [and] obesity." Tr. 143. Her application was

1 - ORDER

denied initially and upon reconsideration. After a December 2012 hearing, an Administrative Law Judge (ALJ) did not give substantial weight to the opinion of Plaintiff's treating physician, and the ALJ found Plaintiff is not disabled. Plaintiff sought review in this Court.

After reviewing the record this Court issued an Opinion and Order (# 16) on November 18, 2015, reversing the decision of the Commissioner and remanding this matter for the calculation and payment of benefits on the basis that the ALJ did not provide clear and convincing reasons for rejecting the opinion of Plaintiff's treating physician.

On May 9, 2016, Plaintiff filed this application for fees (#21). The Commissioner filed a response in opposition to Plaintiff's application for fees in which the Commissioner asserts her position was substantially justified and, therefore, attorneys' fees should not be awarded to Plaintiff under EAJA.

## STANDARDS

Under EAJA a prevailing party is entitled to recover attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition,*

408 F.3d 613, 618 (9th Cir. 2005)(internal quotations omitted). The Commissioner's position need not be justified to a high degree, but it must be justified to a degree that would satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 562-63 (1988). *See also Hoa Hong Van v. Barnhart,* 483 F.3d 600 (9th Cir. 2007).

    A substantially justified position does not necessarily mean a correct position, and there may be a dispute over which reasonable minds could differ. *Gonzales,* 408 F.3d at 618. A position is substantially justified if it has a reasonable basis in law and fact. *Pierce,* 487 U.S. at 565. *See also Hardisty v. Astrue,* 592 F.3d 1072, 1079 (9th Cir. 2010). The government bears the burden of demonstrating substantial justification. *Gonzales v. Free Speech Coalition,* 408 F.3d 613, 618 (9th Cir. 2005). The Commissioner's failure to prevail on the merits of her position does not raise a presumption of unreasonableness. *United States v. Marolf,* 277 F.3d 1156, 1162 (9th Cir. 2002) (citing *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir. 1988)).

    As noted, an award of attorneys' fees under EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983. *See also Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting

3 - ORDER

the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Hyperion, Inc. v. United States,* 118 Fed. Cl. 540, 544 (Sept. 29, 2014).  The party opposing the fee request has the burden of rebuttal, which requires the submission of evidence to challenge the accuracy and reasonableness of the hours charged.  *Id.*

## **DISCUSSION**

It is undisputed that Plaintiff is the prevailing party. The Commissioner does not object to the amount of costs or to the requested hourly rate.  She contends, however, that she was substantially justified in adopting the ALJ's decision to deny Plaintiff's applications.

Treating physician Dallas A. Carter, M.D., opined in September 2012 that Plaintiff had extensive physical limitations, that she would be expected to miss work 3-4 days a month due to medical issues, and that she would be off-task for about 25 percent or more of a typical workday.  Opin. & Order at 12-13.

The Commissioner argues an ALJ may properly reject a treating physician's assessment if the treatment notes fail to document objective findings that justify the asserted limitations and the limitations appear to be based on Plaintiff's subjective complaints.  This Court, however, found Dr. Carter's opinion supported by multiple objective medical findings, including the

4 -   ORDER

records of Plaintiff's prior treating physician and radiographic evidence as well as the records of the treating mental-health provider.  Opin. & Order at 13-14.  This Court also found the ALJ erred when he rejected Dr. Carter's opinion as inadequately supported and failed to offer clear and convincing reasons for doing so.  Moreover, Dr. Carter's opinion as a treating physician was contradicted only by a reviewing physician who based his opinion on the same clinical findings as Dr. Carter.  The Court, therefore, found the ALJ erred, and the Commissioner's position was not substantially justified.  Accordingly, on this record the Court grants Plaintiff's Motion (#21).

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#21) and awards Plaintiff attorneys' fees in the amount of **$7,267.58.**

IT IS SO ORDERED.

DATED this 15th day of June, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

5 - ORDER